JUSTICE TRIEWEILER
concurring.
I concur with the result of the majority decision and with the majority’s conclusion that assault is a lesser included offense of deliberate homicide pursuant to § 46-1-202(8)(c), MCA.
However, I do not agree with all that is said in the majority opinion. Specifically, I would not apply analysis from Blockburger v. United States (1932), 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306, to determine whether an offense is an “included offense” pursuant to § 46-1-202(8)(a), MCA. The language of Montana’s “included offense” statute speaks for itself and does not require the superimposition of federal case law for interpretation. Furthermore, if federal case law was necessary, Blockburger was not the appropriate case on which to rely. Blockburger may include language which is relevant to double jeopardy analysis, but it is not applicable to an analysis of “included offenses.”
I also disagree with Justice Gray’s statement in her dissent that the issue of a “lesser included offense” instruction was not properly submitted to the District Court or raised in this Court. The defendant submitted a proposed instruction defining assault on the basis that it was a lesser included offense of deliberate homicide. To suggest that in order to make a proper record he need specify to the District Court the particular subparagraph of the lesser included offense statute pursuant to which the instruction must be given would sacrifice due process to a perceived technicality. I disagree with that approach. Furthermore, subsection (8)(c) was properly addressed in the appellant’s reply brief pursuant to Rule 23(c), M.R.App.P. Three pages of the respondent’s brief were dedicated to a discussion of whether assault is a “lesser included” offense pursuant to the Blockburger test. An appropriate response by the appellant included pointing out that it was not necessary to satisfy the Blockburger test which this Court *379 has, in the past, applied to subsection (8)(a) because, in fact, Montana’s ‘lesser included” statute is broader than the Blockburger test.
Finally, it is appropriate to respond to portions of the dissent filed by Chief Justice Turnage which are totally unsupported by the record. When he states that Castle participated in a “vicious beating of Formo” and infers that that beating resulted in the injuries which caused Formo’s death, those statements are simply incorrect. The only evidence regarding Castle’s participation in the events which preceded Formo’s death establishes that Castle, a person with one arm, struck Formo three to four times with his fist and walked away to go to the bathroom. When he left Formo, Formo was still standing in the kitchen with no serious injury. When Castle returned from the bathroom, Formo had apparently been seriously beaten by others and was lying on the floor of the living room next to the couch. The blunt force injuries, the bruises on Formo’s neck, the skull fractures, the hemorrhage around Formo’s brain, and the stab wounds which all contributed to Formo’s death were admittedly inflicted by Walter Cassell, not the defendant. The State’s own pathologist testified that the blows struck by Castle would not have caused or contributed to Formo’s death. There was no evidence that anything done by Castle caused or contributed to Formo’s death.
Furthermore, this dissent’s characterization of the evidence regarding the issue of whether Formo was dead or alive when taken to the dumpster is incomplete and misleading. A complete and accurate description of Dr. Mueller’s testimony in that regard is set forth in the majority opinion.
After reciting the aforementioned injuries and inappropriately attributing them to the defendant, the Chief Justice’s dissent states: “Simple assault? Ridiculous. No jury could stretch credulity that far.”
If Walter Cassell was being tried based on the evidence presented in this case, I would agree. However, Douglas Castle was being tried and the facts relied on in this dissent are either inapplicable to him or disputed.
Flippant and inflammatory remarks, like those referring to “purse snatching,” might make interesting reading to those who are unfamiliar with the facts in this case; however, they are misleading and have no place in an honest discussion of the serious issues presented.
For these reasons, I specially concur with the majority opinion.